JUAN FUENTES ET AL., Plaintiffs and Appellants, v. ANTERO APONTE, Defendant and Appellee.

No. 8682. Argued January 14, 1944.—Decided March 6, 1944.

F. González Carmona (F. González Fagundo on the brief) for appellants. Antonio Figueroa Rivera and Santiago Polanco Abréu for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In a motion amply discussed by counsel, the defendant-appellee seeks the reconsideration of our judgment of December 22, last, wherein we reversed the lower court and rendered instead another judgment. There we ordered the defendant to pay to the plaintiffs the sum of $400 as principal, with legal interest from March 30, 1942, on which date this complaint was filed, together with an additional sum of $125 for expenses and attorney's fees. For a better understanding of the questions under discussion, it seems advisable to make a brief recital of the incidents of the case as they appear from the record.

By a deed of January 3, 1929, Antero Aponte, defendant herein, received a loan, before a notary, from Francisco Fuentes, predecessor in interest of the plaintiffs, in the sum of $400, with interest thereof at a monthly rate of one per cent, for a term of three months, counted from the date of the deed, and they agreed, further, on an additional sum of $125 for expenses and attorney's fees in case of judicial recovery. To secure this loan, the debtor mortgaged a house belonging to him and described in the deed, in favor of the creditor. In the year 1934, the debt had not been paid and thereupon Francisco Fuentes instituted in the lower court a foreclosure proceeding, for the recovery of said debt. As a result of said proceeding, the mortgaged property was adjudicated to the creditor in 1934; but the debtor defendant remained in possession of the same by virtue of a contract of lease executed with the new owner, and agreed on a monthly rental of $8.00. The defendant continued to pay said rental until the year 1939, but has failed to pay it thereafter, although he continued to live in the house. In 1941, while he was still in possession of the property, he brought an action in the District Court of Humacao seeking the annulment of the foreclosure proceeding and claiming the rent earned, or that should have been earned by the property, from the date that the same had been adjudicated to the mortgage creditor in 1934. He alleged, as the sole ground for the annulment, that although they had agreed on the payment of $125 for expenses and attorney's fees, said amount, which appears in the next to the last clause of the deed, had not been secured by any mortgage, and therefore, could not be claimed within the foreclosure proceeding and that the recovery of said additional sum within said proceeding rendered the same void. The lower court rendered judgment in that case, annulling the foreclosure proceeding and ordered the defendant to pay the costs and $100 as attorney's fees; however, even though in the complaint it was prayed that defendant

be ordered to return the fruits or rent earned or that should have been earned, the court failed to make any pronouncement in that respect, and since no appeal was taken by either party, the judgment became final.

Since the plaintiff in the action of nullity, defendant herein, had not paid the debt, the plaintiffs in the present case filed this action of debt for the recovery of said $400. Although the fruits or rent were not allowed to the defendant in the action of nullity, the defendant alleged in the action of debt that he owed nothing to the plaintiffs because he had made undue payment of rents in the amount of $424, which was a greater sum than the one claimed in the complaint. The lower court dismissed the complaint, and on December 22, 1943, we reversed that judgment.

In our opinion supporting that judgment, we held that the contract of lease executed between Francisco Fuentes and Antero Aponte was nonexistent because it lacked consideration, but at the same time we held that as the payment of rentals had been made under a mistake of law, Antero Aponte could not recover the same, and we cited the case of *Silva* v. *Heirs of Caratini*, 51 P.R.R. 754.

In his motion for reconsideration the defendant-appellee contends that the doctrine which bars the recovery of payment made under a mistake of law is unjust and that we have adopted a technicality of fatal consequences which results in a positive injustice, etc. However, when we read the opinion which supported the judgment annulling the foreclosure proceedings whereby the defendant-appellee acquired title of ownership to the mortgaged house, we find that the defendant should be the last to find fault with technicalities resulting in unjust consequences, since in the annulment of the mortage foreclosure proceeding the lower court said:

"Probably it seems unjust to annul a proceeding because in a mortgage foreclosure a certain sum of money was included. However, we can not ignore the law and the decisions which clearly

·provide that the fact of including in the mortgage foreclosure an amount of money not secured by the mortgage renders the proceeding void . . .

"It could be alleged that the notary who made the mortgage deed is responsible for the agreement made with respect to the $125 for costs and attorney's fees. However, the creditor signed the deed and he is barred by his own acts."

Let us make it clear that we are not criticising the opinion of the lower court. The judgment is final and it is *res judicata*. By referring to it we want to expose defendant's attitude who complains against the so-called technicalities when they are prejudicial to his interests, but welcomes them when they are favorable. Besides, in his brief filed in this court on July 17, of last year, appellee himself cites at length from Manresa, holding that payments made under a mistake of law are not recoverable, and he concludes by saying that this is a mistake of fact and not of law.

There is no such technicality in the case at bar. Apart from the doctrine whether payments made under a mistake of law are either just or unjust, we go still further and hold that the defendant was not entitled to recover from plaintiffs herein the sum of $424 which he had paid as rent. And this is so because in the judgment rendered in the action brought by defendant for the annulment of the foreclosure proceeding where the plaintiff, now defendant, acquired once more his title of ownership to the mortgaged house, no pronouncement was made, as plantiffs alleged, with respect to the fruits earned or that should have been earned by the property from the day judgment was rendered in the foreclosure proceeding until the day of its annulment, notwithstanding the fact that said fruits or rent was expressly claimed in the complaint filed for the annulment of the foreclosure proceeding. Since the judgment did not grant the plaintiff said fruits, even though he claimed the same, said judgment is *res judicata* and bars him from recovery thereof.

In commenting on § 1308 of the Spanish Civil Code, equivalent to § 1260 of our Code (1930 ed.), cited by defendant in his motion for reconsideration, Manresa says:

"Where in a judicial or extrajudicial declaration of nullity of a contract the contracting parties determine the thing to be returned, the first, but not the essential circumstance exists and recovery does not lie. It is therefore inferred that once said first circumstance exists, *it is not sufficient to annul the contract, but, besides, it must be fully stated what the contracting parties have to return to each other,* and, consequently, *the claimant must require and obtain said declaration in the judgment,* or at least in the execution thereof, in accordance with the grounds on which the same is based." (Italics ours.) 8 Manresa, *Comentarios al Código Civil,* p. 797.

Independently of the doctrine involving payments made under a mistake of law, the defendant-appellee can not recover the $424 yielded by the morgaged house, for the simple reason that, as we have said before, the judgment rendered in the action of nullity of the foreclosure proceeding, within which said rent were claimed, did not grant the same. It can not be recovered likewise through compensation, because in order that said compensation should lie, there should exist a liquidated and enforceable credit and the one claimed herein by defendant does not exist for the reasons stated.

The case of *Figueroa* v. *Boneta,* 58 P.R.R. 811, cited by the appellee is not applicable, because in that case the judgment invalidating the foreclosure proceeding ordered the defendant to pay to plaintiff the fruits of the property and in the case at bar said pronouncement was not made.

Since we see no reason for changing the views stated by us in our judgment of December 22, 1943, the reconsideration sought is hereby denied.